UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: APPLICATION OF UNITED COMPANY RUSAL PLC, and UNITED COMPANY RUSAL INVESTMENT MANAGEMENT, LLC | Misc. No. _____<br><br>FEBRUARY 10, 2011 |

### *EMERGENCY* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 FOR AN ORDER, *AFTER A HEARING TO SHOW CAUSE*, COMPELLING DISCOVERY FOR USE IN FOREIGN LITIGATION

Applicants United Company Rusal, PLC and United Company Rusal Investment Management, LLC ("together, Rusal") hereby move the Court for an order, after a hearing, pursuant to 28 U.S.C. § 1782 directing Trafigura AG, a company with offices located in Stamford, Connecticut, to produce documents in accordance with Schedule A of the subpoena attached as Exhibit 1 hereto (the "Subpoena") on or before February 16, 2011 at 5:00 p.m., and to provide deposition testimony as requested in Schedule B of the Subpoena on or before February 18, 2011 at the offices of the undersigned unless otherwise agreed by the parties, for purposes of discovery in connection with foreign civil proceedings.

In further support of this Application, Rusal submits simultaneously herewith the Declaration of Maxim Sokov, the Declaration of Ronnie King, the Declaration of Mark A.G. Brantley, the Declaration of Christopher D. Kercher, and its Memorandum of Law.

## BACKGROUND

Rusal is a party to certain actions currently pending in England, Russia and Nevis entitled *United Company Rusal PLC and Interros International Investments Limited; Limited Liability Company UC RUSAL Investment Management v. Corbiere Holdings Limited et al.; United Company Rusal PLC et al v. Corbiere Holdings Limited et al* ("Foreign Actions"). As demonstrated in the accompanying Declaration of Maxim Sokov, Trafigura AG has information relevant to the Foreign Actions. It is therefore necessary to take discovery from Trafigura AG relating to the Foreign Actions. Trafigura AG conducts business from its offices located in Stamford, Connecticut.

Rusal requests that its Application be heard in an expedited manner due to certain impending deadlines established in the Foreign Actions. In particular, the Russian Court has directed Rusal to provide documents supporting its claims by February 14, 2011 and the Nevis court has scheduled a hearing on Rusal's request for interim relief for March 2, 2011. Rusal urgently seeks injunctive relief to protect its rights as a substantial shareholder in Norilsk Nickel in advance of the scheduled March 11, 2011 extraordinary general meeting of shareholders. Thus, time is of the essence. Accordingly, Rusal requests that the Court schedule a hearing to show cause why Trafigura AG should not have to produce the documents and to provide the testimony Rusal seeks. A Proposed Order to Show Cause is submitted herewith.

## RUSAL'S APPLICATION COMPLIES WITH THE STANDARDS OF 28 U.S.C. § 1782

Section 1782 of Title 28 of the United States Code, entitled "Assistance to foreign and international tribunals and to litigants before such tribunals," allows applicants, like Rusal, to obtain discovery from United States residents that is relevant to proceedings in foreign jurisdictions. The statute provides, in relevant part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusations. The order may be pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782 has "broad applicability" to litigation with international aspects. *In re Application of Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir. 1993). The discovery Rusal seeks complies with the conditions set forth in 28 U.S.C. § 1782. First, Trafigura AG (the company from which discovery is being sought) is present in the District of Connecticut doing in business in Stamford, Connecticut. Second, the discovery Rusal seeks is narrowly tailored to obtain information relevant to issues present in the Foreign Actions. Third, Rusal as the claimant and/or plaintiff in the Foreign Actions is an "interested person" as stated in 28 U.S.C. § 1782. Rusal's Application complies with all of the necessary elements under 28 U.S.C. § 1782.

## CONCLUSION

04411.62077/3961785.1

Based on the foregoing, Applicants respectfully move the Court to issue an Order after the Hearing to Show Cause:

1. Approving Rusal's application for discovery, including the scope and timing of the Subpoena;

2. Authorizing Rusal's counsel to serve the Subpoena to Trafigura AG in the form attached hereto; and

3. Compelling Trafigura AG to produce the documents requested in Schedule A of the Subpoena by no later than February 18, 2011, and to provide the deposition testimony requested in Schedule B of the Subpoena on or before February 22, 2011.

APPLICANTS
UNITED COMPANY RUSAL, PC,
UNITED COMPANY RUSAL INVESTMENT
  MANAGEMENT, LLC


By: __/S Stephanie A. McLaughlin__
Marc J. Kurzman (ct01545)
Stephanie A. McLaughlin (ct22774)
Sandak Hennessey & Greco LLP
707 Summer Street
Stamford, CT 06901
(203) 425-4200 (telephone)
(203) 325-8608 (facsimile)
mkurzman@shglaw.com
smclaughlin@shglaw.com

Its Attorneys

Of Counsel:



QUINN EMANUEL URQUHART &
  SULLIVAN, LLP

---

Andrew J. Rossman
Christopher D. Kercher
Leah Ray

51 Madison Avenue, 22nd Floor,
New York, New York  10010-1601
(212) 849-7000

04411.62077/3961785.1

# EXHIBIT 1

## SCHEDULE A

### DEFINITIONS

1. The uniform definitions set forth in Rule 26 of the Local Rules of the United States District Court for the District of Connecticut ("Local Rules") are incorporated herein.

2. "Trafigura" means Trafigura AG and its all of its Affiliates and its officers, directors, employees, agents, and representatives or any other persons or entities under its direction or control.

3. "Interros" means Interros International Investments Limited, a company incorporated under the laws of Cyprus, and its Affiliates, officers, directors, employees, agents, representatives or any other persons or entities under its direction or control.

4. "Norilsk Nickel" means OJSC MMC Norilsk Nickel, a joint stock company incorporated under Russian law, and its officers, directors, employees, agents, and representatives or any other persons or entities under its direction or control.

5. "Norilsk" means Norilsk Nickel and all of its Affiliates, including without limitation Corbiere Holdings Limited and Raleigh Investments, Inc, which are corporations incorporated under the laws of St. Kitts and Nevis, and all of its officers, directors, employees, agents, and representatives or any other persons or entities under its direction or control.

6. "ADR" means American Depositary Receipts.

7. "Announcement" refers to the December 20, 2010 announcement by Norilsk Nickel that it has entered into an agreement with Trafigura to sell Norilsk Nickel ADRs held by

its wholly-owned indirect subsidiaries representing approximately 8% of Norilsk Nickel's share capital.

    8.    "Document" is used in the broadest possible sense and means, without limitation, any written, printed, typed, photocopied, photographed, recorded or otherwise reproduced or store communication or representation, whether comprised of letters, words, numbers, data, pictures, sounds or symbols, or any combination thereof. "Document" means anything that may be considered to be a document or tangible thing within the meaning of Rule 34 of the Federal Rules of Civil procedure, and includes, without limitation, correspondence, memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, working papers, accounts, analytical records, reports and/or summaries of investigations, press releases, comparisons, books, calendars, bulletins, notices, drawings, diagrams, instructions, notes of minutes of meetings or communications, electronic mail/messages and/or "e-mail," questionnaires, surveys, charts, graphs, photographs, phonograph recordings, films, tapes, disks, data cells, print-outs of information stored or maintained by electronic data processing or word processing equipment, all other data compilations from which information can be obtained (by translation, if necessary, by You through detection devices into usable form), including, without limitation, electromagnetically sensitive storage media such as floppy disks, hard disks and magnetic tapes and any preliminary versions, as well as drafts or revisions of any of the foregoing whether produced or authored by Plaintiffs or anyone else.

    9.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

    10.    "Including" means including without limitation.

11. "Affiliates" means any persons or entities that directly or indirectly through one or more intermediaries, controls, or are controlled by, or are under common control.

12. "Trafigura Transaction" means the sale of securities of Norilsk Nickel by Norilsk Subs to Trafigura.

13. "Buyback" means the offer to purchase Norilsk Nickel stock or ADRs by Norilsk Subs that closes on or about January 21, 2011.

## INSTRUCTIONS

1. To the extent that you may object to any of the requests for productions herein, whether in whole or in part, on the grounds that the information sought is privileged, please provide the information required by Local Rule 26.2(a).

2. In the event that any document called for by this request has been lost or destroyed, that document is to be identified with the following: (a) the addressor, addressee, author, or indicated or blind recipients of copies of the document; (b) the date, subject matter and number of pages of, and the attachments or appendices to, the document; (c) the date, place, manner, reason and circumstances of the document's destruction; (d) the person authorizing destruction and/or destroying the document, and (e) the paragraph of this Request to which the document relates.

3. If it is otherwise not possible to produce any document called for by this Request, or if any part of this Request is objected to, the reasons for the objection should be stated with specificity as to all grounds, and documents which can be produced should be produced.

4. The use of the singular form of any word includes the plural and *vice versa*.

5. The past tense shall be constructed to include the present tense, and *vice versa*, to make the request inclusive rather than exclusive.

6. These requests are continuing in nature and, to the extent that your responses may be enlarged, diminished or otherwise modified by information or documents found or acquired subsequent to the production of your initial response hereto, you are required promptly to produce supplemental responses reflecting such changes.

7. You are to produce entire documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any documents. Copies which differ in any response from an original (because, by way of example only, handwritten or printed notations have been added) should be produced separately. Each document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each page of the document which you have redacted. Privileged redactions must be included in a privilege log; any non-privileged redactions must also be included in a log describing the basis for the redaction.

8. Unless otherwise set forth in a specific request, these requests for the production of documents encompasses all responsive documents generated or received during the period January 2010 to the present.

## DOCUMENT REQUESTS

1. All documents concerning any agreements between Trafigura, Norilsk, Norilsk Nickel and/or Interros.

2. All documents concerning the Trafigura Transaction.

3. All documents concerning the Buyback.

4. All documents concerning Trafigura's financing of the Trafigura Transaction.

5. All documents concerning any strategies to hedge any risk arising from holding the shares acquired in the Trafigura Transaction.

6. All documents concerning the purchase, sale or voting of securities of Norilsk Nickel.

7. All documents concerning any actual or proposed business agreement or arrangement between Trafigura and Norilsk, Norilsk Nickel and/or Interros since January 2010, including any marketing rights agreements.

8. All documents concerning any communications with Norilsk or Interros concerning Norilsk.

## SCHEDULE B

## DEFINITIONS

1.  The definitions set forth in Schedule A to the subpoena issued by Rusal (the "Subpoena") are hereby incorporated by reference.

2.  Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are required to designate an officer, director, or managing agent of Trafigura, or another person who consents to testify on Trafigura's behalf, as to the matters set forth below.

## DEPOSITION TOPICS

1.  All documents produced to Rusal in response to the Subpoena.

Testimony and all documents concerning any agreements between Trafigura, Norilsk, Norilsk Nickel and/or Interros.

2.  Testimony concerning the terms and structure of the Trafigura Transaction.

3.  Testimony concerning Trafigura's financing of the Trafigura Transaction.

4.  Testimony concerning Trafigura's knowledge of and participation, directly or indirectly, in the Buyback.

5.  Testimony concerning any strategies to hedge any risk arising from holding the shares acquired in the Trafigura Transaction.

6.  Testimony concerning the purchase, sale or voting of securities of Norilsk Nickel.

7.  Testimony concerning any actual or proposed business agreement or arrangement between Trafigura and Norilsk, Norilsk Nickel and/or Interros since January 2010, including any marketing rights agreements.

8.  Testimony concerning any communications with Norilsk or Interros concerning Norilsk.

04411.62077/3957911.1

9. Testimony concerning all Norilsk or Interros employees, agents, advisors or counsel with whom Trafigura interacted relating to the Trafigura Transaction and/or the Buyback.

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Connecticut

| In re Application of Rusal | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Trafigura, A.G., One Stamford Place, 263 Tresser Boulevard, 16th Floor, Stamford, CT 06901

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Schedule B.

| Place: Sandak Hennessey & Greco, LLP, 707 Summer Street, Suite 300, Stamford, CT 06901 | Date and Time: 02/18/2011 9:30 am |
|---|---|

The deposition will be recorded by this method:   audio, audiovisual, and/or stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Schedule A. You are to deliver the information requested in Schedule A, attached, no later than 5:00 pm on February 16, 2011.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

       *CLERK OF COURT*
                                                    OR

_____       _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   United Company Rusal PLC, and United Company Rusal Investment Management LLC  , who issues or requests this subpoena, are:
Andrew J. Rossman, Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, NY 10010, (212) 849-7000, andrewrossman@quinnemanuel.com; Marc J. Kurzman, Sandak Hennessey & Greco, LLP, 707 Summer Street, Suite 300, Stamford, CT 06901, (203) 425-4200, mkurzman@shglaw.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: